A96A2300. COTTON STATES MUTUAL INSURANCE COMPANY
v. HIPPS et al.
(481 SE2d 876)

BIRDSONG, Presiding Judge.

Cotton States Mutual Insurance Company filed this action to have its rights declared under its policy with Michael Hipps.

On April 24, 1994 Hipps' son Jeffrey was involved in a collision with other persons. Those other individuals maintained liability coverage with Travelers Insurance Company. Hipps contacted the other individuals' insurer soon after the collision and sued them on April 21, 1995. Cotton States avers that a year after the collision in June 1995, Hipps' attorney advised Cotton States that he had filed suit on Hipps' behalf against others who had then filed counterclaims against Hipps for personal injury and property damage. Cotton States avers undisputedly that this was its first notice that its insured, Hipps' son, had been in a collision.

Cotton States seeks a declaration of non-liability because Hipps failed to comply with the condition precedent to coverage stated in Cotton States' policy that the insured give notice to Cotton States within 60 days after the covered incident. The trial court denied Cotton States' motion for summary judgment. On appeal, Michael Hipps contends he should be excused from that requirement because his son Jeffrey was not a named insured and was never in possession of the policy, so Hipps had no duty to comply with the requirements of the contract because Hipps' son Jeffrey did not know the contract existed, did not know he was insured under it, and did not know its terms. *Held*:

The trial court erred in denying judgment to Cotton States. The contract at issue provides unequivocally: "IV. DUTIES AFTER AN ACCIDENT OR LOSS. . . . *We must be notified promptly, but in no event later than 60 days, of how, when and where the accident or loss happened.* Notice should also include the names and addresses of any injured persons and of any witnesses. *Receipt of such notice by the company or any of its authorized agents shall be a condition precedent to the existence of any coverage under this policy and of the company's obligation to defend any claim under this policy.*" (Emphasis supplied.)

Cotton States says this case is controlled by *State Farm Mut. Auto. Ins. Co. v. Drawdy*, 217 Ga. App. 236 (456 SE2d 745), where we held that a policy requirement that an insured give notice to the insurer "as soon as reasonably practicable as a condition of recovering under the policy" (id. at 237) is "enforceable" because the opposing party had access to uninsured motorist coverage under her own insurance policy.

The condition precedent in this case requires 60 days notice after

the covered event. It is immaterial to enforcement of this condition precedent that Hipps thought those other drivers were the cause of the collision and would be liable for his damages and theirs. If such common misunderstandings — which are the heart of every litigation dispute — or any other wrong idea germinated in the head of one party could alter such plain contract language as exists in this case, insurance law would be turned on its head. Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions. It is well settled that where no ambiguity in a policy of insurance exists, the courts must adhere to the contract made by the parties even if it is beneficial to the insurer and detrimental to the insured, for we must construe the contract as written and are not authorized to make a new contract different from the contract written and intended by the parties. See *Al Who Enterprises v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426 (457 SE2d 696).

The language of this policy is unambiguous. We therefore have no legal authority to disregard it; " '[i]f the contract does not require disentanglement of the language by a jury . . . it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties.' " *Nat. Union Fire Ins. Co. &c. v. Prestige Helicopters*, 217 Ga. App. 375, 377 (457 SE2d 587).

Nor is there any factual question which voids the plain language of the contract in this case. It unambiguously requires that notice of the covered event and its particulars be received by Cotton States within 60 days of the event, as a *condition precedent* to coverage of the event. This requirement upon the insured is not dependent on the knowledge of other insureds that it exists, or on the existence of any insurance held by any other parties; and the insured's beliefs or misunderstandings about who was liable for this collision did not relieve him of the plain duty to which he agreed and induced Cotton States to issue this policy.

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. Blackburn, J., concurs and concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur in the opinion and judgment as rendered due to our previous holding in *State Farm Mut. Auto. Ins. Co. v. Drawdy*, 217 Ga. App. 236 (456 SE2d 745) (1995). Although I dissented in *Drawdy*, the majority's position therein is presently the law, and therefore, we are compelled to follow it. I specially concur to point out that Cotton States' reliance on *Drawdy* is correct as that case controls the outcome herein.

In the present case, it is undisputed that in the action against the Hipps, the counterclaimants maintain liability and *uninsured*

*motorist coverage* with Travelers Insurance Company. Therefore, the issue before us is identical to the issue in *Drawdy*. In *Drawdy*, State Farm appealed the trial court's denial of its motion for summary judgment contending that its insured's failure to notify it of the accident as soon as reasonably practicable excluded coverage. Therein, the majority recognized that "[b]ased on [the] public policy of ensuring some recovery for injured third parties, we have held that a lack-of-notice exclusion generally is not enforceable against a third party injured by an insured who fails to notify his insurer." Id. at 237. However, the majority held that "the public policy of ensuring some recovery for the third party is satisfied by the third party's access to a recovery through uninsured motorist coverage." Id. at 239. Therefore, under the facts of this case Cotton States' lack-of-notice exclusion is enforceable and the trial court should have granted Cotton States' motion for summary judgment.

I am compelled to note that I believe my dissent in *Drawdy* sets forth a better position. My dissent noted that because liability insurance is required to ensure compensation for innocent victims of negligent motorists and uninsured motorist coverage is for the protection of its insured's assets, the liability insurance carrier should be precluded from enforcing a lack-of-notice exclusion in third-party situations. Id. at 242. As I stated in my dissent, the majority's position in *Drawdy*, "ignores the fact that public policy provides that victims should be compensated primarily by liability insurance and that uninsured motorist coverage was intended to be secondary or backup coverage. It also ignores the shift in premium costs from the tortfeasors to the victims." Id. at 243.

DECIDED FEBRUARY 20, 1997.

*Parkerson, Shelfer & Groff, William S. Shelfer, Jr.*, for appellant.
*Magill & Bondurant, Thomas E. Magill, Webb & Lindsey, Eric K. Maxwell, Swift, Currie, McGhee & Hiers, Bradley S. Wolff*, for appellees.