A08A2409. ADVOCATE NETWORKS, LLC v. HARTFORD FIRE INSURANCE COMPANY.
(674 SE2d 617)

MILLER, Chief Judge.

Advocate Networks, LLC ("Networks") appeals from the trial court's grant of summary judgment for Hartford Fire Insurance Company ("Hartford") in Hartford's action seeking a declaration that the defense of the underlying lawsuit against Networks is not covered under two liability policies of insurance issued to Networks by Hartford. Networks contends that the trial court erred in finding, as a matter of law, (i) that it breached the policies in issue by failing to give Hartford immediate notice of the lawsuit against it notwithstanding its reasonable belief that the lawsuit had been settled, and (ii) that there was no ambiguity between policy provisions requiring that notice be given "as soon as practicable" and "immediately." Discerning no error, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment

as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the undisputed evidence shows that Networks was sued by Marketing on Hold, Inc. d/b/a Southwestern Tariff Analysts ("STA") in the District Court of Harris County, Texas. The original complaint in the Texas action was filed on or about February 9, 2007. Networks admits that it received a copy of the complaint on March 23, 2007; retained counsel to represent it in connection with the lawsuit on March 26, 2007; and failed to provide Hartford with any notice of the occurrence that prompted the Texas lawsuit, the underlying claim, or the Texas lawsuit until July 25, 2007, the date on which it sent a copy of the complaint to Hartford.

The notice requirements at issue are set forth in paragraphs 2 b. and c. of the Hartford policies as follows:

> 2. Duties in The Event of Occurrence, Offense, Claim or Suit.
>
> . . .
>
> b. If a claim is made or "suit" is brought against any insured, you must:
>
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
>
> (2) Notify us *as soon as practicable. . . .*
>
> c. You and any other involved insured must:
>
> (1) *Immediately* send us *copies* of any demands, notices, summonses, or legal papers received in connection with the claim or "suit";
>
> (2) Authorize us to obtain records and other information;
>
> (3) Cooperate with us in the investigation, settlement of the claim or defense against the "suit"; and
>
> (4) Assist us upon our request, in the advancement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

(Emphasis supplied.)

1. Networks argues that summary judgment for Hartford was error because genuine issues of material fact remain as to whether it

YALE LAW LIBRARY

breached the requirement that it immediately forward the pleadings to Hartford when Networks reasonably believed that the lawsuit could be resolved by "sending a corrective e-mail." We disagree.

Networks correctly observes that "[t]he issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury. [Cit.]" *Holbrook-Myers Co. v. Transp. Ins. Co.*, 354 FSupp.2d 1349, 1354 (N.D. Ga. 2005). "[U]nexcused significant delay[, however,] may be unreasonable as a matter of law. [Cit.]" *Canadyne-Georgia Corp. v. Continental Ins. Co.*, 999 F2d 1547, 1555 (11th Cir. 1993). Policy provisions requiring that insureds send their insurers any legal papers received in connection with a claim or suit " '[i]mmediately' [have] been construed in many cases to mean with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case. [Cits.]" *Bituminous Cas. Corp. v. J. B. Forrest & Sons, Inc.*, 132 Ga. App. 714, 719 (2) (209 SE2d 6) (1974). Thus, in determining whether the insured is in compliance with such a policy provision, as here, this Court looks to the reasons provided by the insured for any delay attending the receipt of legal papers as to the claim or suit and their subsequent dispatch to the insurer. Id.

Here, Networks explains its four-month delay in forwarding the Texas pleadings by its belief that the dispute could be resolved by sending STA an e-mail correcting a misunderstanding. In effect, Networks argues that no potential liability was indicated, thus foreclosing any duty to provide Hartford prompt notice. "[A] defendant[, however,] cannot avoid the requirement of prompt notice by claiming that it believed it was not liable. [Cit.]" *South Carolina Ins. Co. v. Coody*, 957 FSupp. 234, 238 (M.D. Ga. 1997). Because Networks provides no other reasonable explanation for the four-month delay at issue, the evidence establishes, as a matter of law, that it violated the provision of the policies requiring that legal papers arising out of a claim or suit be immediately forwarded to Hartford. See *Holbrook-Myers Co.*, supra, 354 FSupp.2d at 1354 (insured's failure to forward copy of complaint breached duty to immediately forward legal papers); see also *Granite State Ins. Co. v. Nord Bitumi U.S., Inc.*, 262 Ga. 502, 504 (2) (422 SE2d 191) (1992) (insured's 46-day delay in sending complaint to insurance company was a breach of duty to immediately forward the same to the insurer). Consequently, Hartford has no duty under the policies to defend or indemnify Networks on this account.

2. Further, Networks challenges summary judgment for Hartford, contending that the trial court erred, as a matter of law, in finding no ambiguity in policy provisions requiring that it notify Hartford of a claim or suit "as soon as practicable" and forward legal papers "immediately." Again, we disagree.

Paragraph 2 of the policies unambiguously requires that the insured give Hartford prompt notice of an "Event of Occurrence, Offense, Claim or Suit" in two instances. Subparagraphs b (1) and (2) thereof required that Networks give Hartford notice "as soon as practicable" after "record[ing] the specifics of the claim or 'suit' and the date received[.]" Subparagraph c (1) required that Networks "[*i*]*mmediately* send us *copies* of any demands, notices, summonses, or legal papers received in connection with the claim or 'suit.'" (Emphasis supplied.) Plainly, the first provision contemplates the insured's responsibility to promptly make a record as to the particulars of a claim or suit and give notice thereof as soon as practicable to Hartford. The second such provision requires that the insured send Hartford any legal papers received in connection with a claim or suit immediately. See Division 1, supra. "[I]f an insurance contract is capable of being construed two ways, it will be construed against the insurance company and in favor of the insured." *Granite State*, supra, 262 Ga. at 504. This is not such a case because no ambiguity exists. Accordingly, the trial court did not err in granting summary judgment for Hartford and against Networks. *Matjoulis*, supra, 226 Ga. App. at 459 (1).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 27, 2009.

**■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■**

*Lloyd B. Hedrick, Jr.*, for appellant.
*Bovis, Kyle & Burch, David R. Smith*, for appellee.