[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11528

Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-03132-AT

LONGLEAF IN VININGS HOMEOWNERS ASSOCIATION, INC.,

Plaintiff - Appellant,

versus

QBE INSURANCE CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 29, 2016)

Before WILSON, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Longleaf in Vinings Homeowners Association (Longleaf) appeals the district court's dismissal of its bad faith failure to pay and breach of contract claims against its insurer, QBE Insurance (QBE). In May 2012, a hailstorm damaged property covered by Longleaf's insurance policy with QBE. Longleaf notified QBE of the damage in February 2013, but QBE refused to indemnify Longleaf. Longleaf then filed this diversity action in district court, asserting that QBE's refusal violated Longleaf's policy and constituted bad faith failure to pay. The district court granted summary judgment to QBE on both Longleaf's claims. The court found that QBE was not obligated to indemnify Longleaf because Longleaf's policy required Longleaf to promptly notify QBE of the storm-related damage, Longleaf failed to do so, and Longleaf did not establish a justification for the delay. On appeal, Longleaf argues that a triable issue exists as to whether its delay in providing notice to QBE was justified and, as a result, summary judgment was improper.[1] We affirm.

I

Summary judgment may be granted only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of

---

[1] Longleaf also appears to disagree with the district court's findings that (1) under Longleaf's policy with QBE, prompt notice was a condition precedent for coverage and (2) Longleaf's notice to QBE was actually delayed. However, Longleaf makes only vague, passing references to these determinations. Therefore, it has abandoned any challenges to them. *See United States v. Dougherty*, 754 F.3d 1353, 1358 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1186 (2015).

2

law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510 (1986) (internal quotation marks omitted). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Id.* at 1326 (internal quotation marks omitted). Relatedly, affidavits that are not based on personal knowledge "cannot raise genuine issues of fact, and thus . . . cannot defeat a motion for summary judgment." *Id.* at 1326–27.

## II

As a threshold matter, we must identify the state law governing Longleaf's claims. Because the forum state is Georgia, we apply Georgia's choice-of-law rules. *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998) ("Federal courts sitting in diversity apply the forum state's choice-of-law rules."). In Georgia, contract-based claims, like Longleaf's, are governed "by the law of the place where [the contract] w[as] made" unless the contract was drafted to be performed in a different state. *See id.* (internal quotation marks omitted). Longleaf's policy was issued in Georgia and its terms concerned property in Georgia. Thus, Georgia law controls Longleaf's claims. *See id.*

## III

3

Under Georgia law, "when an insurance policy includes a notice requirement" and "the insured unreasonably fails to timely comply with the . . . requirement, the insurer is not obligated to provide a defense or coverage." *See Forshee v. Emp'rs Mut. Cas. Co.*, 711 S.E.2d 28, 31 (Ga. Ct. App. 2011). As noted above, Longleaf's policy required it to provide "prompt notice" to QBE in the event of loss or damage. "Prompt notice" is notice that is given with "reasonable diligence and within a reasonable length of time in view of the attending circumstances of each particular case." *See Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 674 S.E.2d 617, 619 (Ga. Ct. App. 2009) (internal quotation marks omitted).[2] Hence, "unexcused significant delay" violates a policy's "prompt notice" requirement, but a delay in notice does not contravene such a requirement if the insured offers a valid justification for the delay. *See id.* ("Because [the insured] provides no other reasonable explanation for the four-month delay at issue, the evidence establishes, as a matter of law, that it violated the provision of the policies requiring that . . . [notice] be immediately [given] to [the insurer].").  An insured bears the burden of establishing a justification for the delay.  *See Kay-Lex Co. v. Essex Ins. Co.*, 649 S.E.2d 602, 606 (Ga. Ct. App. 2007).

---

[2] In *Advocate Networks*, the court addressed a policy requiring "immediate" notice, but the court equated that requirement with a "duty to provide [the insurer] prompt notice." *See* 674 S.E.2d at 619.

Here, Longleaf did not notify QBE of the damage caused by the hailstorm until nine months after the storm. Absent a reasonable explanation, this delay clearly violated the "prompt notice" requirement in Longleaf's policy. *See Advocate Networks*, 674 S.E.2d at 619 (holding that a four-month delay without justification violated the policy's notice requirement); *Bituminous Cas. Corp. v. J.B. Forrest & Sons, Inc.*, 209 S.E.2d 6, 8–11 (Ga. Ct. App. 1974) (same); *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 231 S.E.2d 245, 249 (Ga. Ct. App. 1976) ("[T]he eight months delay in notifying the insurer was unreasonable as a matter of law."). As such, Longleaf focuses its appeal on its excuse for the delay. Longleaf contends that the delay was justified because it did not become aware of the damage at issue until more than six months after the hailstorm.

However, the only evidence Longleaf offers in support of this assertion is an affidavit from its current president, and that affidavit is insufficient to create a triable issue as to whether the delay was justified. Specifically, the affidavit cannot establish a triable issue because it was not based on personal knowledge. *See* Fed. R. Civ. P. 56(c)(4) (An affidavit used to oppose a motion for summary judgment "must be made on personal knowledge."); *Ellis*, 432 F.3d at 1326–27. The district court held that the president's affidavit does not meet this threshold requirement, explaining:

> Although [the president] states that he is Longleaf's president, it is undisputed that [he] was not Longleaf's

5

> president either when the loss purportedly occurred or when the loss was reported to QBE some nine months later. . . . [Furthermore,] [t]he Affidavit does not indicate . . . the nature of [the president's] association with Longleaf during the relevant timeframe or provide any basis for his knowledge of the events discussed in the Affidavit.

*See Longleaf in Vinings Homeowners Ass'n, Inc. v. QBE Ins. Corp.*, No. 13-3132, slip. op. at 14 (N.D. Ga. Mar. 12, 2015).

We must defer to the district court's "lack of personal knowledge" determination unless the court abused its discretion by making a "clear error of judgment" or applying "the wrong legal standard." *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (internal quotation marks omitted); *id.* at 1249–52 (reviewing for abuse of discretion whether the district court erred in determining that two affidavits were inadmissible because they were not supported by personal knowledge). Based on our review of the record, we cannot conclude that the court committed such error. Therefore, the affidavit is inadequate to satisfy Longleaf's burden of establishing a triable issue as to whether the delayed notice was justified, *see Ellis*, 432 F.3d at 1326–27, and the district court properly granted summary judgment to QBE, *see Advocate Networks*, 674 S.E.2d at 619.

**AFFIRMED.**