**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0566. GEICO INDEMNITY COMPANY v. SMITH.

McFADDEN, Judge.

This appeal is from the denial of summary judgment to the insurance company in an uninsured motorist coverage dispute arising from a motor vehicle collision. Because the insured failed to give timely notice of the collision to the insurance company, as required by the insurance policy, the insurance company was entitled to summary judgment. Accordingly, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Norton v. Cobb*, 284 Ga. App. 303 (643 SE2d 803) (2007). This court reviews de novo a grant or denial of summary judgment, viewing the evidence, and all reasonable conclusions and

inferences drawn from it, in the light most favorable to the nonmovant. Id. at 303-304.

So viewed, the evidence shows that on October 3, 2010, Dana Smith was a passenger in a car involved in a motor vehicle collision with Nikita Dyal. At the time of the collision, Smith was an insured under an insurance policy issued by GEICO Indemnity Company to Smith's mother. The policy included, as a condition applicable to uninsured motorist coverage, a notice requirement, providing: "As soon as possible after an accident notice must be given [to GEICO] stating: (a) The identity of the insured; (b) The time, place and details of the accident; and (c) The names and addresses of the injured and of any witnesses." On March 23, 2011, Smith notified GEICO of the collision in a letter from her attorney.

On September 28, 2011, Smith filed suit against Dyal, seeking damages for injuries allegedly sustained in the collision. Smith served GEICO, as an uninsured motorist carrier, with the complaint and summons requiring an answer. GEICO answered the complaint and moved for summary judgment on the ground that Smith, by notifying GEICO of the collision nearly six months after the collision had occurred, failed to comply with the mandatory notice provision of the policy. The trial

court denied the motion. We granted GEICO's application for interlocutory review, and this appeal followed.

1. *Smith's failure to give timely notice.*

"The purpose of a notice provision in a policy of insurance is to allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 27 (1) (537 SE2d 165) (2000) (citation and punctuation omitted). "(T)he issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury." *Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1) (674 SE2d 617) (2009) (citation and punctuation omitted). Accord *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785 (2) (531 SE2d 362) (2000) (generally, insurance policy provisions requiring an insured to report an incident "as soon as practicable" are subject to a factual determination). However, "(u)nexcused significant delay [in giving notice] may be unreasonable as a matter of law." *Advocate Networks*, supra (citation and punctuation omitted). This court has previously held that an approximate five-month delay in providing notice was unreasonable where the insured knew of a dangerous occurrence and the policy

3

required the insured to give notice of such an occurrence to the insurer "as soon as practicable." *Edwards v. Fidelity & Cas. Co.*, 129 Ga. App. 306, 306- 307 (1) (199 SE2d 570) (1973). This court also has held that, where a policy's notice requirement is not dependent on the existence of insurance held by other parties, the insured's misunderstanding about who would be liable did not relieve him of the policy requirement to give the insurer notice within 60 days of an automobile accident. *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 756-757 (481 SE2d 876) (1997). Similarly, this court has concluded that an insured's ignorance of automobile theft coverage in a policy did not excuse a ten-month delay in notifying the insurer that a vehicle had been stolen where the policy required notice "as soon as possible." *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 316-317 (1) (562 SE2d 267) (2002).

In the instant case, as recited above, the policy plainly provided that as a condition for uninsured motorist coverage, the insured must give notice of the accident to GEICO "[a]s soon as possible after an accident." Smith, however, did not notify GEICO of the collision until nearly six months after it had occurred. She claims that this lengthy delay was justified because her attorney initially "felt that GEICO's uninsured motorist policy's coverage would not apply," but later believed that it would and then notified GEICO of the claim. But enforcement of the notice

4

requirement of the policy was not dependent on the attorney's beliefs, incorrect or otherwise, regarding coverage.

> If such common misunderstandings - which are the heart of every litigation dispute - or any other wrong idea germinated in the head of one party could alter such plain contract language as exists in this case, insurance law would be turned on its head. Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions. It is well settled that where no ambiguity in a policy of insurance exists, the courts must adhere to the contract made by the parties even if it is beneficial to the insurer and detrimental to the insured, for we must construe the contract as written and are not authorized to make a new contract different from the contract written and intended by the parties.

*Cotton States Mut. Ins. Co. v. Hipps*, supra at 757 (citation omitted).

Here, Smith's "beliefs or misunderstandings about [coverage] did not relieve [her] of the plain duty to which [she] agreed and induced [GEICO] to issue this policy." Id. To hold otherwise would be "contrary to the obvious intent of the policy, which [was] to require notice promptly after the occurrence of a covered event." *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga. App. 277, 281 (531 SE2d 164) (2000) (footnote omitted) (physical precedent). Accordingly, because Smith's failure to comply with the prompt notice provision of the policy was unreasonable, the trial court erred in denying summary judgment to GEICO.

2. *Estoppel argument.*

5

Smith argues that GEICO is estopped from insisting on strict compliance with the policy notice provision due to its active participation in this action. While this issue was raised below, it was not ruled on by the trial court. "This court is for the correction of errors of law, and where the trial court has not ruled on an issue, we will not address it." *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 768 (3) (688 SE2d 675) (2009) (punctuation and citation omitted). Accordingly, this argument presents nothing for us to review.

*Judgment reversed. Miller, P. J., concurs. McMillian, J., concurs in the judgment only.*

ON MOTION FOR RECONSIDERATION

Appellee Dana Smith has moved for reconsideration, arguing that the recent opinion in *Progressive Mtn. Ins. Co. v. Bishop*, ___ Ga. App. ___ (Case No. A16A0518, decided June 30, 2016), compels a different result in our case. We disagree.

The holding in our case is controlled by the case law cited therein, as well as the binding authority set forth in *Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12 (703 SE2d 436) (2010), which rejected the very argument made by Smith in this case. Smith argues that her six-month delay in giving notice of the accident did not violate the policy requirement that she give notice "as soon as possible after [the] accident" because her attorney initially did not believe the uninsured motorist coverage would apply, but later thought her claim might exceed the liability limits available. However, as held in *Lankford*, such a notice provision requires the insured to provide notice *as soon as possible after the accident, and not as soon as possible after the insured "became concerned that [her] losses might exceed [liability] policy limits."* Id. at 14 (emphasis supplied). As the *Lankford* court explained: "To hold otherwise would allow an insured to delay notifying the insurer for months or even

years, so long as the insured thought that other insurance existed to cover the loss. Such an interpretation is contrary to the obvious intent of the policy, which is to require notice within a reasonable period after the occurrence of a covered event." Id. at 14-15 (citations and punctuation omitted). Here, the delay of six months was contrary to and in violation of the obvious intent of the policy's notice requirement.

In the recent *Progressive* case relied upon by Smith, the notice provision was somewhat different from the provision at issue in this case and in *Lankford*, both of which expressly required the insured to give notice as soon as possible after the accident. In *Progressive*, the notice provision did not expressly specify that notice had to be as soon as possible after the accident, and instead provided generally that a person seeking coverage must "promptly report each accident or loss[.]" *Progressive*, supra at ___ . Moreover, the court in *Progressive* distinguished its facts from *Lankford*, noting that despite the nearly eleven-month delay, notice was given to the insurance company more than a year *before* the insured underwent surgery for the injuries in question. *Progressive*, supra at ___ (2). In our case, Smith has not shown that, as in *Progressive*, the notice was given before the treatment for the injuries in question; on the contrary, she concedes that the delayed notice was not given until after she had undergone additional treatment.

2

Unlike the court in *Progressive*, we do not find the facts of the instant case to be materially distinguishable from *Lankford* or the other case law cited in our opinion. While the length of the delay is certainly material, the controlling factor in this case is whether Smith gave notice as soon as possible after the accident, not as soon as possible after she became concerned that her claim might exceed liability coverage. *Lankford*, supra. While there is some tension between the analysis in *Progressive* and this case, because the facts here plainly show that Smith did not comply with the notice requirement of the policy, *Progressive* does not compel a different result.

*Motion for reconsideration denied.*

3