**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**July 12, 2016**

# In the Court of Appeals of Georgia

A16A0566. GEICO INDEMNITY COMPANY v. SMITH.

McFADDEN, Judge.

This appeal is from the denial of summary judgment to the insurance company in an uninsured motorist coverage dispute arising from a motor vehicle collision. Because the insured failed to give timely notice of the collision to the insurance company, as required by the insurance policy, the insurance company was entitled to summary judgment. Accordingly, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Norton v. Cobb*, 284 Ga. App. 303 (643 SE2d 803) (2007). This court reviews de novo a grant or denial of summary judgment, viewing the evidence, and all reasonable conclusions and

inferences drawn from it, in the light most favorable to the nonmovant. Id. at 303-304.

So viewed, the evidence shows that on October 3, 2010, Dana Smith was a passenger in a car involved in a motor vehicle collision with Nikita Dyal. At the time of the collision, Smith was an insured under an insurance policy issued by GEICO Indemnity Company to Smith's mother. The policy included, as a condition applicable to uninsured motorist coverage, a notice requirement, providing: "As soon as possible after an accident notice must be given [to GEICO] stating: (a) The identity of the insured; (b) The time, place and details of the accident; and (c) The names and addresses of the injured and of any witnesses." On March 23, 2011, Smith notified GEICO of the collision in a letter from her attorney.

On September 28, 2011, Smith filed suit against Dyal, seeking damages for injuries allegedly sustained in the collision. Smith served GEICO, as an uninsured motorist carrier, with the complaint and summons requiring an answer. GEICO answered the complaint and moved for summary judgment on the ground that Smith, by notifying GEICO of the collision nearly six months after the collision had occurred, failed to comply with the mandatory notice provision of the policy. The trial

court denied the motion. We granted GEICO's application for interlocutory review, and this appeal followed.

1. *Smith's failure to give timely notice.*

"The purpose of a notice provision in a policy of insurance is to allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 27 (1) (537 SE2d 165) (2000) (citation and punctuation omitted). "(T)he issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury." *Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1) (674 SE2d 617) (2009) (citation and punctuation omitted). Accord *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785 (2) (531 SE2d 362) (2000) (generally, insurance policy provisions requiring an insured to report an incident "as soon as practicable" are subject to a factual determination). However, "(u)nexcused significant delay [in giving notice] may be unreasonable as a matter of law." *Advocate Networks*, supra (citation and punctuation omitted). This court has previously held that an approximate five-month delay in providing notice was unreasonable where the insured knew of a dangerous occurrence and the policy

3

required the insured to give notice of such an occurrence to the insurer "as soon as practicable." *Edwards v. Fidelity & Cas. Co.*, 129 Ga. App. 306, 306-307 (1) (199 SE2d 570) (1973). This court also has held that, where a policy's notice requirement is not dependent on the existence of insurance held by other parties, the insured's misunderstanding about who would be liable did not relieve him of the policy requirement to give the insurer notice within 60 days of an automobile accident. *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 756-757 (481 SE2d 876) (1997). Similarly, this court has concluded that an insured's ignorance of automobile theft coverage in a policy did not excuse a ten-month delay in notifying the insurer that a vehicle had been stolen where the policy required notice "as soon as possible." *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315, 316-317 (1) (562 SE2d 267) (2002).

In the instant case, as recited above, the policy plainly provided that as a condition for uninsured motorist coverage, the insured must give notice of the accident to GEICO "[a]s soon as possible after an accident." Smith, however, did not notify GEICO of the collision until nearly six months after it had occurred. She claims that this lengthy delay was justified because her attorney initially "felt that GEICO's uninsured motorist policy's coverage would not apply," but later believed that it would and then notified GEICO of the claim. But enforcement of the notice

4

requirement of the policy was not dependent on the attorney's beliefs, incorrect or otherwise, regarding coverage.

> If such common misunderstandings - which are the heart of every litigation dispute - or any other wrong idea germinated in the head of one party could alter such plain contract language as exists in this case, insurance law would be turned on its head. Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions. It is well settled that where no ambiguity in a policy of insurance exists, the courts must adhere to the contract made by the parties even if it is beneficial to the insurer and detrimental to the insured, for we must construe the contract as written and are not authorized to make a new contract different from the contract written and intended by the parties.

*Cotton States Mut. Ins. Co. v. Hipps*, supra at 757 (citation omitted).

Here, Smith's "beliefs or misunderstandings about [coverage] did not relieve [her] of the plain duty to which [she] agreed and induced [GEICO] to issue this policy." Id. To hold otherwise would be "contrary to the obvious intent of the policy, which [was] to require notice promptly after the occurrence of a covered event." *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga. App. 277, 281 (531 SE2d 164) (2000) (footnote omitted) (physical precedent). Accordingly, because Smith's failure to comply with the prompt notice provision of the policy was unreasonable, the trial court erred in denying summary judgment to GEICO.

2. *Estoppel argument.*

5

Smith argues that GEICO is estopped from insisting on strict compliance with the policy notice provision due to its active participation in this action. While this issue was raised below, it was not ruled on by the trial court. "This court is for the correction of errors of law, and where the trial court has not ruled on an issue, we will not address it." *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 768 (3) (688 SE2d 675) (2009) (punctuation and citation omitted). Accordingly, this argument presents nothing for us to review.

*Judgment reversed. Miller, P. J., and McMillian, J., concur.*