[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15337
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-02609-LMM


JOHNSON & BRYAN, INC.,

                                        Plaintiff - Appellant,

versus

UTICA MUTUAL INSURANCE COMPANY,

                                        Defendant,

REPUBLIC-FRANKLIN INSURANCE COMPANY,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 11, 2018)

Before EDMONDSON, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Johnson & Bryan, Inc. appeals the dismissal of the civil action filed against Plaintiff's insurer, Defendant Republic-Franklin Insurance Company. Briefly stated, Plaintiff alleges Defendant failed wrongfully to defend and to indemnify Plaintiff in an underlying lawsuit. No reversible error has been shown; we affirm.

Plaintiff is an insurance brokerage company. At all times pertinent to this appeal, Plaintiff was the named insured on an errors and omissions policy ("Policy") issued by Defendant. Among other things, the Policy requires -- as a condition precedent to coverage -- that Plaintiff "[i]mmediately send [Defendant] copies of any demands . . . received in connection with the 'claim' or 'suit.'"

In 2011, Plaintiff brokered a property insurance policy for Ellen and Joseph Brooks with Hanover Insurance. After the Brooks' insured property was vandalized, Plaintiff -- acting on the Brooks' behalf -- submitted a claim to Hanover. Hanover denied the claim on grounds that the Brooks had failed to comply with a fencing requirement under the pertinent property insurance policy.

2

On 18 June 2015, the Brooks' lawyer sent Plaintiff a demand letter (the "18 June letter"), asserting that Plaintiff was negligent in failing to provide the Brooks with a copy of the Hanover insurance policy or to otherwise make the Brooks aware of the fencing requirement. The letter instructed Plaintiff to "tender this demand letter to your errors and omissions carrier." The letter also said expressly that the Brooks intended to file a lawsuit if Plaintiff did not respond within 20 days.

The 18 June letter arrived at Plaintiff's office, but a mailroom employee believed mistakenly that the letter pertained only to the Brooks' claim with Hanover. Accordingly, the mailroom employee placed a copy of the letter in the Hanover claim file and forwarded the letter to Hanover for further handling. Plaintiff says no principal, owner, or manager saw or was aware of the letter at that time.

On 5 August 2015, the Brooks filed suit against Plaintiff. Plaintiff learned of the lawsuit on 31 August 2015. Plaintiff notified Defendant of the lawsuit on 2 September 2015. In preparing its notice to Defendant, Plaintiff reviewed the Hanover claim file and discovered the 18 June letter. Plaintiff reported the 18 June letter to Defendant and explained that Plaintiff had been previously unaware of the letter's contents.

3

Defendant denied Plaintiff's claim on grounds that Plaintiff failed to notify timely Defendant of the 18 June demand letter.  Thereafter, Plaintiff hired its own lawyer to defend against the Brooks' lawsuit, which was later settled for $80,000.

Plaintiff then filed this civil action against Defendant in state court, alleging claims for breach of contract, negligence and bad faith, and for attorneys' fees and litigation expenses.  Defendant removed the case to federal court.  The district court granted Defendant's motion to dismiss, concluding that Plaintiff failed to comply with the Policy's notice provision -- which was a condition precedent to coverage -- and that Plaintiff's asserted excuse for the delay in notification was unreasonable as a matter of Georgia law.

We review de novo the district court's grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  When a document -- such as both the insurance policy and the demand letter involved in this appeal -- "is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, this Court may consider that document as well."  See Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015).

4

Under Georgia law,[*] "a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification."  Kay-Lex Co. v. Essex Ins. Co., 649 S.E.2d 602, 606 (Ga. Ct. App. 2007).  To comply with an immediate notice requirement, an insured must give notice "with reasonable diligence and within a reasonable length of time in view of the attending circumstances of each particular case."  Advocate Networks, LLC v. Hartford Fire Ins. Co., 674 S.E.2d 617, 619 (Ga. Ct. App. 2009).  When an insured fails to comply with a notice requirement, the insured bears the burden of showing justification for the delay in providing notice.  Kay-Lex Co., 649 S.E.2d at 606. An insured's unreasonable failure to give timely notice excuses the insurer from providing a defense or coverage.  Id.

The parties do not dispute that the Policy's notice provision constitutes a condition precedent to coverage.  Thus, to obtain coverage under the Policy, Plaintiff must either show that it complied with the Policy's notice provision or demonstrate a justification for its failure to do so.

Plaintiff first asserts that it complied with the Policy's notice provision by filing a claim with Defendant two days after receiving notice of the Brooks' lawsuit and discovering the 18 June letter.  We disagree.  Under the express terms

---

[*] "Federal courts sitting in diversity apply the substantive law of the state in which the case arose."  Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33 (11th Cir. 2010).

5

of the Policy, Plaintiff's obligation to provide notice to Defendant was triggered by Plaintiff's receipt of the 18 June demand letter.  That Plaintiff's upper-level employees were unaware of the contents of the letter does not change the undisputed fact that the letter was "received" at Plaintiff's office by one of Plaintiff's employees on 22 June 2015.

Given the 72-day delay in providing notice to Defendant, Plaintiff failed to allege facts sufficient to show compliance with the Policy's immediate notice requirement.  See Granite State Ins. Co. v. Nord Bitumi United States, 422 S.E.2d 191, 194 (Ga. 1992) (determining that a 46-day delay in providing notice of suit constituted a breach of the insured's duties under the policy and relieved the insurer of its obligation to defend and to indemnify); Brooks v. Forest Farms, 357 S.E.2d 604, 608 (Ga. Ct. App. 1987) (concluding that an insured's 24-day delay in giving notice to its insured of a demand letter "is a breach of its contractual obligation as a matter of law").

Plaintiff next argues that the district court erred in concluding -- as a matter of law -- that Plaintiff failed to allege a sufficient justification for the delay in providing notice to Defendant.  Plaintiff contends that the reasonableness of its excuse is a question of fact that should be decided by a jury.

6

Generally speaking, the sufficiency of an insured's excuse or justification for a delay in giving notice is a question of fact for the jury. Plantation Pipeline Co. v. Royal Indem. Co., 537 S.E.2d 165, 167 (Ga. Ct. App. 2000). In some cases, however, the facts and circumstances of a particular case may support a determination that an insured's delay in giving notice was unjustified and unreasonable as a matter of law. Id.

Plaintiff contends that a jury could find that its failure to comply with the Policy's notice provision was reasonable based on a clerical mistake: its mailroom employee's failure to process properly the 18 June letter. Georgia courts, however, have determined that when a delay in notice is due to the insured's own negligence, the delay is unreasonable as a matter of law. See Plantation Pipe Line Co. v. Stonewall Ins. Co., 780 S.E.2d 501, 507-09 (Ga. Ct. App. 2015) (insured's failure to locate an insurance policy was insufficient as a matter of law to excuse a 2-year delay in notifying the insurer of an occurrence, particularly when nothing evidenced that the insurance policy could not have been discovered earlier); Buffalo Ins. Co. v. Star Photo Finishing Co., 172 S.E.2d 159, 166 (Ga. Ct. App. 1969) (that an insured -- though its own negligence -- lost or misplaced the insurance policy was insufficient to excuse the insured's non-compliance with the policy's notice provisions).

7

Like Plaintiff, the insured in <u>Plantation Pipe Line Co</u>., and in <u>Buffalo Ins. Co</u>., each sought to excuse a delay in providing notice to the insurer based on an inability to locate a pertinent document.  In each case, however, the court determined that the document was one that should have been within the insured's possession and that likely could have been discovered earlier through reasonable diligence.  Under those circumstances, the state court concluded that the insured had failed to demonstrate sufficiently a justification for failing to comply with the policy's notice requirements.  In the light of these decisions, we agree with the district court that Plaintiff failed as a matter of Georgia law to allege sufficiently facts that would justify the 72-day delay in notifying Defendant of the Brooks' 18 June demand letter.

We also reject Plaintiff's argument that the district court erred in failing to consider the lack of prejudice suffered by Defendant as a result of the delay in notification.  Georgia courts have determined that, when a notice requirement is expressly made a condition precedent to coverage under an insurance policy, the insurer is not required to prove that it was prejudiced by the insured's failure to give timely notice.  <u>Plantation Pipe Line Co</u>., 780 S.E.2d at 509-10, nn.12, 13 (collecting cases).  Although a court <u>may</u> consider whether an insurer suffered prejudice, <u>JNJ Found. Specialists, Inc. v. D.R. Horton Inc</u>., 717 S.E.2d 219, 226

8

(Ga. Ct. App. 2011), Plaintiff has identified no Georgia authority requiring a court

to do so.  The district court committed no reversible error.

AFFIRMED.