**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 25, 2022**

# In the Court of Appeals of Georgia

A22A0572. LAVAN v. CANNON FARMS, INC.

MCFADDEN, Presiding Judge.

Melinda Lavan filed a negligence claim against Cannon Farms, Inc., alleging that she was injured and her truck was damaged when she collided with cows that had roamed onto the roadway through an open gate to a fenced area. Cannon Farms moved for summary judgment, arguing that it had not been negligent and that its cows had gotten out of the fenced area because a pine tree had unexpectedly fallen on the fence. The trial court granted the motion for summary judgment.

Lavan appeals from that ruling. Because the evidence shows that there are genuine issues of material fact, the trial court erred in granting the motion for summary judgment. So we reverse the trial court's ruling.

1. *Summary judgment on negligence claim.*

Lavan contends that the trial court erred in granting summary judgment to Cannon Farms on her negligence claim. We agree.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

*Parham v. Stewart*, 308 Ga. 170, 176 (4) (839 SE2d 605) (2020) (citation and punctuation omitted).

So viewed, the evidence shows that Cannon Farms maintained approximately 250 cows in fenced fields on its 1,500 acres of farm land. On the night of February 7, 2019, three cows got out of a fenced field and strayed onto an adjacent two-lane road that has no lighting. At approximately 8:15 that night, Lavan was driving her truck on the road when she encountered a van stopped in the roadway. Lavan stopped briefly behind the van and then began to drive around it. As she passed the van, she hit one of the cows and veered into a ditch. Another cow charged toward Lavan's vehicle, forcing her to pull back on to the road and again hit the cow that she had previously hit.

OCGA § 4-3-3 states that "[n]o owner shall permit livestock to run at large on or to stray upon the public roads of this state or any property not belonging to the owner of the livestock, except by permission of the owner of such property." While the mere fact that livestock is running at large permits an inference that the owner is negligent in permitting the livestock to stray, that permissible inference disappears when the owner introduces evidence that he has exercised ordinary care in the maintenance of the stock. Nevertheless, for the evidence to require a verdict for the defendant it must demand a finding that he was not negligent in any respect. A jury question reappears in the case where, although evidence of facts showing ordinary care on his part have been introduced, other facts would support a contrary inference.

*Faulkner v. Crumbley*, 357 Ga. App. 594, 596 (1) (851 SE2d 164) (2020) (citations and punctuation omitted).

In moving for summary judgment, Cannon Farms relied on the affidavit of its majority shareholder, James Cannon, in which he testified that the area where the cows were kept was enclosed by barbed wire fencing that is standard for keeping cattle; that the fencing has secure metal gates; that the fences were inspected and the cows were fed on a regular basis; that on the morning of the incident he had fed the cows and there was no damaged fencing or open gates; that he received a phone call after the incident and went to the scene where he observed that the gates at the road were closed; and that the following day he found a small area of damaged fencing not

3

located by the highway but located on the other side of a field next to woods where a pine tree had fallen on the fence.

In response, Lavan presented her affidavit in which she testified that she frequently passes the Cannon Farms property; that on at least three or four occasions prior to the accident she has witnessed cows outside their enclosure and wandering on the roadway; that she has seen the gate to the enclosure open on numerous occasions before and after the accident; and that cows straying outside the enclosure is an ongoing issue with Cannon Farms. Lavan also testified at her deposition that photographs taken after the accident showed an open gate to the fenced area, although Cannon Farms claims that the photographs do not show a gate to the fenced area in question.

The record also includes Cannon's deposition, during which he testified that the fence gates are not kept locked; that his farmhand and visitors can open the gates; and that gates are sometimes left open, although he claimed this only happens if cows are not in the area. Cannon's deposition testimony also contradicted his affidavit statements that on the morning of the incident he had inspected the scene and the fence was not damaged by the fallen pine tree at that time. During his deposition, Cannon testified that he could not give such an exact time or date when he had last

seen that portion of the fence before the incident, although he thought he had been around that area about a week beforehand and had not seen a fallen tree at that time. Cannon further acknowledged in his deposition that on the night of the incident he did not know how the cows had gotten out of the fenced area and that it was the next day when he surmised that they had gotten out at the area where the tree had fallen on the fence.

Contrary to the argument of Cannon Farms, the evidence does not demand judgment in its favor. The premise of Cannon Farms' argument is that the evidence shows unequivocally that the cows got out of the enclosure at the point where a tree had fallen on the fence, which was an unforeseeable event. But the evidence as to how the cows got out of the fenced area is not unequivocal and, when construed in favor of Lavan as the nonmovant, does not mandate a finding that the cows escaped through the damaged fencing. While Cannon Farms presented an affidavit providing circumstantial evidence to support its theory, there is no direct evidence establishing how the cows got out of the fenced area on the night in question. Indeed, Cannon deposed that he could not determine that night how the cows escaped the enclosure. And there is other circumstantial evidence in the record, including Lavan's affidavit, which supports the equally plausible inference that the cows strayed on to the

5

roadway through an open gate as alleged in the complaint. Under these "circumstances, the question as to the sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury." *Patterson v. Kevon, LLC*, 304 Ga. 232, 236 (818 SE2d 575) (2018) (citation and punctuation omitted). Because the record shows that there are genuine issues of material fact, "[t]he trial court's order granting summary judgment [to Cannon Farms on the negligence claim] must be reversed." Id. at 240. See also *Parke Towne North Apts. v. Castro*, 349 Ga. App. 692, 697 (4) (824 SE2d 730) (2019) (summary judgment denied where "sufficiency of the circumstantial evidence . . . and its consistency with the alternative theories [were] questions for the jury").

3. *Strict liability claim.*

Lavan contends that the trial court erred in granting summary judgment to Cannon Farms on her strict liability claim. But the court did not make such a summary judgment ruling. Rather, the record shows that no strict liability claim was included in the negligence complaint that was the subject of Cannon Farms' motion for summary judgment and the trial court's order granting that motion. It was only after the motion for summary judgment on the negligence claim had been filed, briefed, and argued to the court that Lavan filed an amended complaint asserting a

6

new claim of strict liability under OCGA § 51-10-3. But there was no subsequent motion for summary judgment as to that new claim and there is no indication in the record that the trial court sua sponte granted summary judgment on such a strict liability claim. So this enumeration of error presents nothing for review as "[t]his court is for the correction of errors of law, and where the trial court has not ruled on an issue, we will not address it." *GEICO Indem. Co. v. Smith*, 338 Ga. App. 455, 457 (2) (788 SE2d 150) (2016) (citation and punctuation omitted).

*Judgment reversed. Gobeil and Pinson, JJ., concur*.