## A05A1832. ROYER v. MURPHY.
(625 SE2d 544)

MILLER, Judge.

Two years after Patricia Royer and Debrena Murphy were involved in an automobile accident, Royer sued Murphy as well as two carriers of uninsured motorist insurance. One of these carriers moved for summary judgment on the ground that Royer had not timely notified it of the accident. The trial court granted the carrier's motion, and Royer appeals. We find no error and affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that on August 27, 2002, Royer was waiting to make a left turn in a car owned by her husband's business when she was struck from behind by a car driven by Murphy. Royer's car was insured by Progressive Insurance Company (Progressive), which provided uninsured motorist coverage of $25,000. Royer's husband owned two additional vehicles in his own name, both of which were insured by American Deposit Insurance Company (American Deposit). Royer was listed as an additional insured on this American Deposit policy, which indicated that other applicable uninsured motorists coverage would apply in the following order:

> First — the policy with coverage for you as a named insured or a relative.
> Second — the Uninsured Motorist coverage that applies to the vehicle the insured was occupying at the time of the accident.

The American Deposit policy also provided that in the event of an accident or loss, the insured or "any person claiming coverage under this policy . . . must notify us as soon as practicable" by calling either

the claims office or a 24-hour claims hotline. Finally, the policy specified that the insurer could not be sued "unless there is full compliance with all terms of [the] policy."

On August 20, 2004, nearly two years after the accident, Royer filed suit against Murphy. On September 7, having received a copy of the complaint in its capacity as Royer's carrier of uninsured motorist coverage, American Deposit filed an answer and a cross-claim against Murphy. Soon afterward, Murphy's own insurance carrier agreed to pay Royer its policy limit of $25,000. American Deposit then moved for summary judgment on the ground that Royer had not given them timely notice of the accident. The trial court granted American Deposit's motion, and Royer appeals.

The sole issue on appeal is whether Royer's failure to notify American Deposit of the accident for nearly two years means that she breached the policy's requirement of timely notification and is therefore barred from collecting coverage as a matter of law.

It is undisputed that Royer was a listed insured on the American Deposit policy, which indicated that uninsured motorist coverage might be available even if she was driving a vehicle different from those listed in the policy, and also noted that insureds seeking coverage "must" notify American Deposit of an accident "as soon as practicable." It is also undisputed that Royer waited nearly 24 months before notifying American Deposit of the accident. As the Supreme Court of Georgia as well as this Court have held in like circumstances, Royer's failure to notify the insurer here of the accident for almost two years amounted to an unreasonable delay as a matter of law. See *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987) (affirming grant of summary judgment when insured failed to notify insurer for seventeen months); *Snow v. Atlanta Intl. Ins. Co.*, 182 Ga. App. 1, 2 (354 SE2d 644) (1987) (affirming grant of summary judgment when insured failed to notify insurer for ten months).

We find no merit to Royer's argument that doubt on the question of the availability of uninsured motorist coverage would obviate the need for her to provide notice to the insurer "as soon as practicable" following the accident. The notice requirement here was a condition precedent to the assertion of any accident claims under the policy, and Royer's failure to meet this condition precedent is fatal to her action. See *Caldwell v. State Farm Fire &c. Ins. Co.*, 192 Ga. App. 419, 421 (2) (385 SE2d 97) (1989) (summary judgment properly granted to insurer where insured failed to give insurer timely notice of accident based on insured's concerns about coverage).

The trial court did not err when it granted summary judgment to American Deposit.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 6, 2006.

*Henry B. Staley*, for appellant.
*Thomas C. MacDiarmid*, for appellee.