A10A0806. LANKFORD v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(703 SE2d 436)

ADAMS, Judge.

Bobby Lee Lankford appeals the trial court's grant of summary judgment to State Farm Mutual Automobile Insurance Company on his claim for uninsured motorist (UM) coverage. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). So viewed, the evidence shows that on September 15, 2006, Lankford, while driving his employer's truck, was involved in a collision with Charles Kaucky. Kaucky had an automobile insurance policy with State Farm, which provided liability coverage up to a $50,000-per-person limit. Lankford also had three separate State Farm policies, which provided potential UM coverage in excess of Kaucky's policy. Three days after the collision, on September 18, a

State Farm claims representative wrote Lankford a letter referencing Kaucky's policy and discussing Lankford's "recent accident." Approximately one month later, on or around October 20, 2006, Lankford's employer provided written notice that it intended to seek subrogation recovery rights in connection with the accident. The employer's letter also referenced Kaucky's policy and informed State Farm that Lankford's treatment for his injuries was ongoing and that the employer would be seeking "repayment of all medical and indemnity expenses that have been paid by his worker's compensation claim. . . ." Subsequently, on February 2, 2007, State Farm issued a check in the amount of $1,616.88 to cover repairs to Lankford's employer's vehicle. That check also referenced Kaucky as the "insured."

Five months later, in July 2007, Lankford underwent lumbar fusion surgery in connection with the injuries he received in this accident. That same month, his attorney requested and received disclosure of Kaucky's policy limits. In September 2007, Lankford first discussed his injuries and his workers' compensation claim with his State Farm agent, Jim Coker. He asserts that Coker never advised him that he needed to provide written notice in order to assert a claim for UM recovery under his own State Farm policies.

On September 5, 2008, almost two years after the accident, Lankford first provided written notice that he had been involved in an accident and first raised the issue of UM coverage under his own policies when his attorney enclosed his complaint for damages in a letter to State Farm. The suit sought recovery for personal injury, lost wages and general damages arising out of the accident. State Farm was formally served with the complaint on September 8, 2008, and six months later, the insurer moved for summary judgment, asserting that it had not received timely written notice in accordance with Lankford's policies, which required that Lankford "must give us or one of our agents written notice of the accident or loss as soon as reasonably possible." The trial court granted summary judgment to State Farm, holding that Lankford had failed to give the requisite notice and that Lankford had failed to present any facts to justify this delay.

On appeal, Lankford asserts that the trial court erred on a number of grounds in granting summary judgment to State Farm. Each of his enumerations addresses the basic issue of whether his failure to provide formal written notice until almost two years after the accident should result in the forfeiture of his UM coverage.

"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. The construction of an unambiguous contract is a question of law for the court." (Citation and punctuation omitted.) *Federated Mut. Ins. Co.*

*v. Ownbey Enterprises*, 278 Ga. App. 1, 5 (627 SE2d 917) (2006). Lankford's policies required that he provide written notice of the accident or loss to State Farm or one of its agents "as soon as reasonably possible." Moreover, the policies provide that as a condition of insurance coverage "[t]here is no right of action against [State Farm] . . . until all the terms of this policy have been met."

> It is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, . . . then the insurer is not obligated to provide either a defense or coverage.

(Citation omitted.) Id. at 3 (notice became condition precedent under general provision that compliance with policy terms was required for coverage).[1] Thus, failure to provide the requisite notice could result in a forfeiture under the policy.

As a threshold issue, we conclude that the policy in this case, which required notice as a condition precedent to recovery of insurance benefits, required Lankford to provide notice "as soon as reasonably possible" after the accident, and not "as soon as reasonably possible" after the point that Kaucky's coverage was exhausted or that Lankford became concerned that his losses might exceed Kaucky's policy limits. Although this requirement is not explicit, it is implied in the policy language which requires that the notice detail the "hour, date, place and facts of the accident or loss," the names of the parties involved and any potential witnesses. See *Manzi v. Cotton States Mut. Ins. Co.*, 243 Ga. App. 277, 280 (531 SE2d 164) (2000). To hold otherwise

> would allow an insured to delay notifying the insurer for months or even years, so long as the insured thought that other insurance existed to cover the loss. Such an interpre-

---

[1] Compare *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 727 (1) (698 SE2d 19) (2010) (where policy contained only notice requirement with no conditional language, notice was not condition precedent to coverage); *Gilbert v. Southern Trust Ins. Co.*, 252 Ga. App. 109 (555 SE2d 69) (2001) (where undisputed that insured was notified of fact of loss, failure to comply with appraisal clause of policy does not result in a forfeiture); *Cotton States Mut. Ins. Co. v. Walker*, 232 Ga. App. 41 (1) (500 SE2d 587) (1998) (where undisputed that insurer was notified of fact of loss, but insured failed to supply required sworn proof of loss within 60 days, general provision that compliance with policy terms necessary for recovery did not support forfeiture of coverage).

tation is contrary to the obvious intent of the policy, which is to require notice [within a reasonable period] after the occurrence of a covered event.

Id. at 281. See also *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 757 (481 SE2d 876) (1997) (a misunderstanding on the part of an insured cannot alter the plain language of an insurance contract). Compare *Gregory v. Allstate Ins. Co.*, 134 Ga. App. 461, 464 (214 SE2d 696) (1975) (where notice was not made a condition precedent to recovery, policy required notice "as soon as practicable" after discovery of other driver's uninsured status if insured reasonably diligent in his efforts to determine that status).[2]

It is undisputed that Lankford did not provide written notice to State Farm until September 5, 2008, almost two years after the accident. While the language "as soon as reasonably possible" "affords some leeway in providing notice of a claim or suit or occurrence to an insurer, a lengthy, unjustifiable delay may be found as a matter of law to have been so unreasonable as to foreclose coverage." (Citation omitted.) *Park Pride of Atlanta v. City of Atlanta*, 246 Ga. App. 689, 695 (541 SE2d 687) (2000). And as Georgia courts have held in like circumstances, the failure to notify an insurer of an accident for almost two years amounts to an unreasonable delay as a matter of law. *Royer v. Murphy*, 277 Ga. App. 150, 151 (625 SE2d 544) (2006) (delay of two years in giving notice to uninsured motorist carrier unreasonable). See also *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987) (delay of 17 months unreasonable).[3]

Lankford asserts, however, that he should not be barred from coverage because State Farm had actual notice of the accident, pointing to the fact that someone, presumably Kaucky or someone on his behalf, notified State Farm of the accident shortly after it occurred, as evidenced by the insurer's letter to Lankford three days later referring to "your recent accident." But notification by an unrelated third party such as Kaucky did not relieve Lankford of his separate, contractual obligation to provide notice to State Farm

---

[2] Lankford apparently did not seek to determine Kaucky's policy limits until ten months after the accident.

[3] The policy in *Johnson* required notice "as soon as practicable" but apparently did not require that the notice be in writing. 256 Ga. at 713 (1). Thus, the Supreme Court held that although Johnson did not formally notify his own insurer until 18 months after the accident, a jury issue arose as to whether he had provided sufficient notice when he spoke with his insurance agent shortly after his injury to explain that he had missed several premium payments because he had been in the hospital. Id. at 714 (2). See also *Kitt v. Shield Ins. Co.*, 240 Ga. 619 (241 SE2d 824) (1978) (holding that, where policy did not require written notice, insurer received actual notice from insured's conversation with agent shortly after accident stating his daughter had been killed by uninsured driver).

under his own policies. It was only a matter of coincidence that Kaucky and Lankford shared the same insurer. The policies required Lankford to notify State Farm that he, another of the company's insureds, had been involved in an accident and/or suffered a loss. All of the correspondence submitted on behalf of Lankford prior to the suit referenced Kaucky's policy, and no mention was made of Lankford's own policies. State Farm would have been entitled to conclude from this correspondence that Lankford was a stranger seeking benefits under the policy of its insured, Kaucky. We know of no authority requiring an insurer to cross-reference the names of all parties involved in an accident to determine whether they, too, have insurance through the insurer; instead the insurer is entitled to rely upon its contractual notice provisions.[4]

Nevertheless, Lankford contends he personally provided State Farm notice in September 2007, when he spoke with Coker, his State Farm agent, about his injuries and "the fact that my claim was being handled through my employer[']s workers' compensation plan." But even if the conversation with Coker could satisfy the notice requirement, it did not take place until approximately one year after the accident, and Lankford offers no justification for this delay. Any claim that he was unaware that he might need to utilize his UM coverage until some point after the accident occurred provides no excuse. In *Allstate Ins. Co. v. Walker*, 254 Ga. App. 315 (562 SE2d 267) (2002), the insurance policy required notice of any loss "as soon as possible," but the Walkers waited almost one year to inform Allstate of the theft of their van because they did not know they could recover for such theft under their policy. Id. at 315. This Court held that the almost one-year delay was unreasonable as a matter of law, and that the Walkers' ignorance of their right to submit a claim under the policy did not provide an excuse for the delay. Id. at 316 (1) See also *Snow v. Atlanta Intl. Ins. Co.*, 182 Ga. App. 1 (354 SE2d 644) (1987) (ten-month delay in notification unexcused and unreasonable as matter of law where insured claimed he did not know which company carried insurance on tractor-trailer). Compare *Southern Mut. Ins. Co. v. Mason*, 213 Ga. App. 584, 587 (1) (445 SE2d 569) (1994) (giving oral notice in lieu of written notice as required by policy created jury question of issue of reasonableness where no evidence that oral notice was unreasonably delayed).

Accordingly, we agree with the trial court that State Farm was entitled to summary judgment on Lankford's claims.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

---

[4] Nor do we find persuasive Lankford's contention that State Farm somehow waived its right to insist upon separate notice by continuing to service Kaucky's claim after Lankford's employer notified the insurer that it would be seeking reimbursement under Kaucky's policy.

*David W. Hibbert, Sara Simmons-Brown*, for appellant.
*Harper, Waldon & Craig, Jonathan M. Adelman, Ashley Giblin, Hill, Kertscher & Wharton, Blakely H. Frye*, for appellee.