**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS, J., and SENIOR APPELLATE JUDGE DOROTHY T. BEASLEY**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 7, 2018**

# In the Court of Appeals of Georgia

A18A0009.   BRAMLEY   v.   NATIONWIDE   AFFINITY
        INSURANCE COMPANY OF AMERICA.

MILLER, Presiding Judge.

Jennifer Bramley was injured in an automobile accident in August 2015. In April of 2016, she first notified her uninsured motorist carrier, Nationwide Affinity Insurance Company of America ("Nationwide"), that she had filed suit against the other driver. Nationwide moved for summary judgment on the ground that the notice was untimely under the policy, which required the insured to notify Nationwide "immediately" after the accident. Following a hearing, the trial court granted Nationwide's summary judgment motion. Bramley now appeals, arguing that the trial court erred in granting summary judgment because (1) the policy did not define "loss;" (2) notice was not a condition precedent to coverage; (3) her delay in giving

notice was reasonable; and (4) the attorney for the other driver should not have been permitted to participate in the summary judgment hearing. We conclude that the trial court erred in granting summary judgment because there was a jury question as to whether Bramley's failure to provide timely notice was due to a reasonable delay. Accordingly, we reverse the trial court's order and remand the case for further proceedings.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Amtrust North America, Inc. v. Smith*, 315 Ga. App. 133 (726 SE2d 628) (2012).

The facts of the case are undisputed. Bramley was injured in an auto accident on August 17, 2015, when her car was struck by another driver. About one to two weeks after the accident, she was examined by a neurologist and treated for her injuries. Despite treatment, she continued to experience pain in her lower back and legs that prevented her from working.

2

The car Bramley was driving at the time of the accident was owned by her then-ex-husband and insured by Nationwide with uninsured/underinsured motorist coverage ("UM"). The UM provision of the policy requires that the insured "must submit written proof of the claim to [Nationwide] immediately after the loss." Additionally, the policy includes "legal action limitations," which provide, in relevant part, that "no legal action may be brought against the company concerning any of the coverages provided until the insured has fully complied with all the terms of the policy." Through counsel, Bramley notified Nationwide of the pending lawsuit against the other driver, Storm Austin, on April 20, 2016. This was the first and only notice Bramley provided.

Nationwide moved for summary judgment, arguing that Bramley failed to comply with the UM notice provision in the policy, and thus, her claim was barred. Bramley responded that she was not the named insured and therefore she had never seen the policy. She further explained that she had not known the full extent of her injuries until her treatment by the neurologist in early 2016. She contended that the UM notice requirement in the policy was not a condition precedent to coverage, the trial court should construe the policy in favor of coverage, and that Nationwide faced no prejudice or harm from the delay.

3

At a hearing on the summary judgment motion, Austin's counsel was present and seated at the table with Nationwide's attorney even though he had not filed a motion or brief concerning the pending summary judgment motion. Bramley's attorney objected to the presence of Austin's attorney, but the trial court allowed the attorney to remain. After hearing argument from Bramley's and Nationwide's attorneys, the trial court allowed Austin's attorney to address the court, over Bramley's objection. The trial court granted summary judgment to Nationwide, finding that the plain meaning of the policy term "immediately" did not include waiting several months to give notice. The trial court further found that Bramley's delay was unreasonable. Bramley now appeals.

1. Bramley first argues that the trial court erred in granting summary judgment because the term "loss" in the policy was ambiguous.

Bramley did not argue that the term "loss" was ambiguous in her response to the summary judgment motion or at the hearing on the motion for summary judgment, and we will not consider an argument raised for the first time on appeal. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 766 (4) (431 SE2d 746) (1993) ("This issue, however, was not raised until appeal; after summary judgment is granted

4

to a movant/plaintiff, a nonmovant/defendant may not raise an argument or defense not asserted in the trial court.").

2. Bramley contends that providing immediate notice was not a condition precedent to coverage. We disagree.

"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. The construction of an unambiguous contract is a question of law for the court." (Citation and punctuation omitted.) *Federated Mut. Ins. Co. v. Ownbey Enterprises*, 278 Ga.App. 1, 5 (627 SE2d 917) (2006). When construing a contract, we note that "[w]ords generally bear their usual and common signification." OCGA § 13-2-2 (2). "Unambiguous terms are taken in their plain, ordinary and popular sense as supplied by dictionaries." (Citation and footnote omitted.) *Blue Cross & Blue Shield of Georgia, Inc. v. Shirley*, 305 Ga. App. 434, 438 (699 SE2d 616) (2010). As this Court recently explained,

> When possible, we construe insurance policies to provide coverage, so as to advance the benefits intended to be accomplished by such policies. However, a forfeiture of insurance coverage may result when an insured fails to satisfy a condition precedent to coverage under the contract. In particular, an insured that cannot demonstrate justification for failure to comply with a notice provision that is expressly made a condition precedent to coverage is not entitled to either a defense or coverage,

5

even if the insurer does not show actual harm from a delay in notice . . . . The general rule is that a notice provision in an insurance policy is only considered a condition precedent to coverage if it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent. Policy language that merely requires the insured to give notice of a particular event does not by itself create a condition precedent. *A general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent.*

(Citations and punctuation omitted; emphasis supplied.) *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 117-118 (1) (790 SE2d 91) (2016).

Here, the UM provision of the policy requires the insured to "submit written proof of the claim to [Nationwide] immediately after the loss." Additionally, the policy contains language that "no legal action may be brought against the company concerning any of the coverages provided until the insured has fully complied with all the terms of the policy." Thus, compliance with the UM notice requirement, or justification for the failure to do so, was a condition precedent to coverage. See *Progressive Mountain Ins. Co.*, 338 Ga. App. at 118 (1).

6

3. Bramley next argues that the trial court erred in granting summary judgment because her delay in notifying Nationwide was reasonable. We agree.

"The purpose of a notice provision in a policy of insurance is to allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." (Citation and punctuation omitted.) *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 27 (1) (537 SE2d 165) (2000).

The term "immediately" in an insurance policy has "been construed in many cases to mean with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case." (Citation omitted.) *Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1) (674 SE2d 617) (2009); but see merriam-webster.com (defining "immediately" as "without interval of time"). To that end, we have found that a period of as little as four months was not "immediate." Id. at 340 (1). See also *Granite State Ins. Co. v. Nord Bitumi U.S., Inc.*, 262 Ga. 502, 504 (2) (422 SE2d 191) (1992) (46 days is not immediate); *Navarro v. Atlanta Cas. Co.*, 250 Ga. App. 550, 551 (552 SE2d 508) (2001) (finding that obligation to immediately notify police of an accident was not satisfied by notice given four or five days later).

It is undisputed that Bramley failed to notify Nationwide until eight months after the accident. Thus, as a matter of law, Bramley failed to "immediately" notify Nationwide as required by the policy terms. This does not end our inquiry, however, because we must consider whether Bramley has offered a reasonable justification for the delay.

In some circumstances, we have held that "an unexcused significant delay in notifying an insurer about an accident or lawsuit may be unreasonable as a matter of law." (Citation and footnote omitted.) *Sharpe v. Great Midwest Ins. Co.*, 344 Ga. App. 208 (808 SE2d 563, 569 (2)) (2017). For instance, lack of knowledge of UM coverage or of the need to utilize said coverage does not act as an excuse to a delay in notification. Id.; see also *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 756-757 (481 SE2d 876) (1997) (mistaken belief that policy did not provide UM coverage was not a reasonable excuse to delay notification). However, ignorance as to the extent of injuries may excuse a delay and is generally a question for the jury because, unlike determining the existence of coverage, the extent on injuries can take time to be revealed. *Progressive Mountain Ins. Co.*, supra, 338 Ga. App. at 119-120 (2).

Here, Bramley explained her failure to give immediate notice as resulting from her inability to understand the extent of her injuries until early 2016. Under our precedent, this created a jury question as to the whether Bramley's delay was reasonable.[1] See *Progressive Mountain Ins. Co.*, supra, 338 Ga. App. at 119-120 (2) (a jury might find that ignorance of the extent of injury to be a sufficient justification for a delay in notice). We therefore conclude that the trial court erred in granting summary judgment on this limited basis. Accordingly, we reverse the trial court's award of summary judgment on this basis, and remand the case for further proceedings on the reasonableness of Bramley's explanation for the delay.

2. In light of our conclusion in Division 1, we need not address Bramley's remaining enumeration of error.

*Judgment reversed, and case remanded. Senior Appellate Judge Dorothy T. Beasley, concurs. Andrews, J., dissents.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

---

[1] *Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12, 14 (703 SE2d 436) (2010), on which Nationwide relies, is distinguishable in that the driver in that case waited more than a year after he had surgery for his injuries to provide notice to the insurer.

9

A18A0009.   BRAMLEY v. NATIONWIDE AFFINITY

INSURANCE COMPANY OF AMERICA.


ANDREWS, Judge, dissenting.

I dissent, because I believe the trial court properly granted summary judgment for Nationwide on the ground the appellant did not give the insurer timely notice of the accident.

The Nationwide policy in this case required immediate notice of the loss.  The traffic accident occurred on August 17, 2015, but the appellant did not notify Nationwide of the incident until eight months later on April 20, 2016.  In her affidavit, the appellant explained that she did not notify Nationwide sooner because she had not seen the insurance policy; she did not fully realize the extent of her

injuries until she visited her doctor in January, February, and March 2016 and discovered her pain level had increased; and that she had not considered pursuing an uninsured motorist claim until discussions with her attorney after she discovered her pain level had increased.

The majority opinion determines that the notice requirement in this case was a condition precedent to coverage under the policy, and I agree with that. But relying upon *Progressive Mountain Ins. Co. v. Bishop,* 338 Ga. App. 115, 119-20 (790 SE2d 91) (2016), which involved a policy provision that required notice of accident be given "promptly," the majority allows the appellant's ignorance of the extent of her injuries to create a jury question whether the delayed notice was justified.

In *Progressive Mountain Ins. Co.*, we equated the policy provision requiring notice of accident be given "promptly" with one requiring notice "as soon as practicable." And "[i]n general, the question of whether an insured gave notice of an event or occurrence 'as soon as practicable,' as required by a policy of insurance, is a question for the factfinder." *Plantation Pipeline v. Royal Indem.*, 245 Ga. App. 23, 25 (537 SE2d 165) (2000). In fact, every case cited by the Court in *Progressive Mountain Ins. Co.* in support of finding a jury question involved a policy provision requiring notice "as soon as practicable."

I believe the trial court properly concluded as a matter of law that the appellant did not satisfy the condition precedent of providing the insurer timely notice of the accident. Even applying the analysis employed in "as soon as practicable" cases, the appellant's eight month delay in providing notice was unreasonable. There was no suggestion of a hidden injury not discovered until later, unlike *Progressive Mountain Ins. Co.*, supra at 119-20. The appellant claims she just didn't realize the severity of her injuries until she went to her doctor approximately five months after the accident. Unawareness of the need to utilize uninsured motorist "coverage until some point after the accident provides no excuse." *Lankford v. State Farm Mut. Auto. Ins. Co.*, 307 Ga. App. 12, 16 (703 SE2d 436) (2010).

Further, that explanation may not even be the real reason the appellant did not give notice until eight months after the accident. Rather, it appears from her affidavit that she never saw the insurance policy and did not even consider the availability of uninsured motorist coverage until some discussion with her attorney following her doctor visits several months after the accident. Ignorance of the existence or terms of insurance coverage is likewise no excuse. *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987).

In my view, the appellant's stated reasons for her failure to notify Nationwide of the accident until eight months afterwards simply were unreasonable as a matter of law. For that reason, I believe the trial court properly granted summary judgment for Nationwide.