Miller, Presiding Judge.
*772 Jennifer Bramley was injured in an automobile accident in August 2015. In April of 2016, she first notified her uninsured motorist carrier, Nationwide Affinity Insurance Company of America ("Nationwide"), that she had filed suit against the other driver. Nationwide moved for summary judgment on the ground that the notice was untimely under the policy, which required the insured to notify Nationwide "immediately" after the accident. Following a hearing, the trial court granted Nationwide's summary judgment motion. Bramley now appeals, arguing that the trial court erred in granting summary judgment because (1) the policy did not define "loss;" (2) notice was not a condition precedent to coverage; (3) her delay in giving notice was reasonable; and (4) the attorney for the other driver should not have been permitted to participate in the summary judgment hearing. We conclude that the trial court erred in granting summary judgment because there was a jury question as to whether Bramley's failure to provide timely notice was due to a reasonable delay. Accordingly, we reverse the trial court's order and remand the case for further proceedings.
Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.
(Citation omitted.) Amtrust North America, Inc. v. Smith , 315 Ga. App. 133, 726 S.E.2d 628 (2012).
The facts of the case are undisputed. Bramley was injured in an auto accident on August 17, 2015, when her car was struck by another driver. About one to two weeks after the accident, she was examined by a neurologist and treated for her injuries. Despite treatment, she continued to experience pain in her lower back and legs that prevented her from working.
The car Bramley was driving at the time of the accident was owned by her then-ex-husband and insured by Nationwide with uninsured/underinsured motorist coverage ("UM"). The UM provision of the policy requires that the insured "must submit written proof of the claim to [Nationwide] immediately after the loss." Additionally, the policy includes "legal action limitations," which provide, in relevant part, that "no legal action may be brought against the company concerning any of the coverages provided until the insured has fully complied with all the terms of the policy." Through counsel, Bramley notified Nationwide of the pending lawsuit against the other driver, Storm Austin, on April 20, 2016. This was the first and only notice Bramley provided.
Nationwide moved for summary judgment, arguing that Bramley failed to comply with the UM notice provision in the policy, and thus, her claim was barred. Bramley responded that she was not the named insured and therefore she had never seen the policy. She further explained that she had not known the full extent of her injuries until her treatment by the neurologist in early 2016. She contended that the UM notice requirement in the policy was not a condition precedent to coverage, the trial court should construe the policy in favor of coverage, and that Nationwide faced no prejudice or harm from the delay.
At a hearing on the summary judgment motion, Austin's counsel was present and seated at the table with Nationwide's attorney even though he had not filed a motion or brief concerning the pending summary judgment motion. Bramley's attorney objected to the presence of Austin's attorney, but the trial court allowed the attorney to remain. After hearing argument from Bramley's and Nationwide's attorneys, the trial court allowed Austin's attorney to address the court, over Bramley's objection. The trial court granted summary judgment to Nationwide, finding that the plain meaning of the policy term "immediately" did not include waiting several months to give notice. The trial court *773 further found that Bramley's delay was unreasonable. Bramley now appeals.
1. Bramley first argues that the trial court erred in granting summary judgment because the term "loss" in the policy was ambiguous.
Bramley did not argue that the term "loss" was ambiguous in her response to the summary judgment motion or at the hearing on the motion for summary judgment, and we will not consider an argument raised for the first time on appeal. Malaga Mgmt. Co. v. John Deere Co. , 208 Ga. App. 764, 766 (4), 431 S.E.2d 746 (1993) ("This issue, however, was not raised until appeal; after summary judgment is granted to a movant/plaintiff, a nonmovant/defendant may not raise an argument or defense not asserted in the trial court.").
2. Bramley contends that providing immediate notice was not a condition precedent to coverage. We disagree.
"An insurance policy is simply a contract, the provisions of which should be construed as any other type of contract. The construction of an unambiguous contract is a question of law for the court." (Citation and punctuation omitted.) Federated Mut. Ins. Co. v. Ownbey Enterprises , 278 Ga.App. 1, 5, 627 S.E.2d 917 (2006). When construing a contract, we note that "[w]ords generally bear their usual and common signification." OCGA § 13-2-2 (2). "Unambiguous terms are taken in their plain, ordinary and popular sense as supplied by dictionaries." (Citation and footnote omitted.) Blue Cross & Blue Shield of Georgia, Inc. v. Shirley , 305 Ga. App. 434, 438, 699 S.E.2d 616 (2010). As this Court recently explained,
When possible, we construe insurance policies to provide coverage, so as to advance the benefits intended to be accomplished by such policies. However, a forfeiture of insurance coverage may result when an insured fails to satisfy a condition precedent to coverage under the contract. In particular, an insured that cannot demonstrate justification for failure to comply with a notice provision that is expressly made a condition precedent to coverage is not entitled to either a defense or coverage, even if the insurer does not show actual harm from a delay in notice.... The general rule is that a notice provision in an insurance policy is only considered a condition precedent to coverage if it expressly states that a failure to provide such notice will result in a forfeiture of the insured's rights or uses language which otherwise clearly expresses the intention that the notice provision be treated as a condition precedent. Policy language that merely requires the insured to give notice of a particular event does not by itself create a condition precedent. A general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent .
(Citations and punctuation omitted; emphasis supplied.) Progressive Mountain Ins. Co. v. Bishop , 338 Ga. App. 115, 117-118 (1), 790 S.E.2d 91 (2016).
Here, the UM provision of the policy requires the insured to "submit written proof of the claim to [Nationwide] immediately after the loss." Additionally, the policy contains language that "no legal action may be brought against the company concerning any of the coverages provided until the insured has fully complied with all the terms of the policy." Thus, compliance with the UM notice requirement, or justification for the failure to do so, was a condition precedent to coverage. See Progressive Mountain Ins. Co. , 338 Ga. App. at 118 (1), 790 S.E.2d 91.
3. Bramley next argues that the trial court erred in granting summary judgment because her delay in notifying Nationwide was reasonable. We agree.
"The purpose of a notice provision in a policy of insurance is to allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." (Citation and punctuation omitted.) Plantation Pipeline Co. v. Royal Indem. Co. , 245 Ga. App. 23, 27 (1), 537 S.E.2d 165 (2000).
The term "immediately" in an insurance policy has "been construed in many cases to *774 mean with reasonable diligence and within a reasonable length of time in view of attending circumstances of each particular case." (Citation omitted.) Advocate Networks, LLC v. Hartford Fire Ins. Co. , 296 Ga. App. 338, 340 (1), 674 S.E.2d 617 (2009) ; but see merriam-webster.com (defining "immediately" as "without interval of time"). To that end, we have found that a period of as little as four months was not "immediate." Id. at 340 (1), 674 S.E.2d 617. See also Granite State Ins. Co. v. Nord Bitumi U.S., Inc. , 262 Ga. 502, 504 (2), 422 S.E.2d 191 (1992) (46 days is not immediate); Navarro v. Atlanta Cas. Co. , 250 Ga. App. 550, 551, 552 S.E.2d 508 (2001) (finding that obligation to immediately notify police of an accident was not satisfied by notice given four or five days later).
It is undisputed that Bramley failed to notify Nationwide until eight months after the accident. Thus, as a matter of law, Bramley failed to "immediately" notify Nationwide as required by the policy terms. This does not end our inquiry, however, because we must consider whether Bramley has offered a reasonable justification for the delay.
In some circumstances, we have held that "an unexcused significant delay in notifying an insurer about an accident or lawsuit may be unreasonable as a matter of law." (Citation and footnote omitted.) Sharpe v. Great Midwest Ins. Co. , 344 Ga. App. 208 (2), 808 S.E.2d 563, 569 (2017). For instance, lack of knowledge of UM coverage or of the need to utilize said coverage does not act as an excuse to a delay in notification. Id. ; see also Cotton States Mut. Ins. Co. v. Hipps , 224 Ga. App. 756, 756-757, 481 S.E.2d 876 (1997) (mistaken belief that policy did not provide UM coverage was not a reasonable excuse to delay notification). However, ignorance as to the extent of injuries may excuse a delay and is generally a question for the jury because, unlike determining the existence of coverage, the extent on injuries can take time to be revealed. Progressive Mountain Ins. Co. , supra, 338 Ga. App. at 119-120 (2), 790 S.E.2d 91.
Here, Bramley explained her failure to give immediate notice as resulting from her inability to understand the extent of her injuries until early 2016. Under our precedent, this created a jury question as to the whether Bramley's delay was reasonable.[1] See Progressive Mountain Ins. Co. , supra, 338 Ga. App. at 119-120 (2), 790 S.E.2d 91 (a jury might find that ignorance of the extent of injury to be a sufficient justification for a delay in notice). We therefore conclude that the trial court erred in granting summary judgment on this limited basis. Accordingly, we reverse the trial court's award of summary judgment on this basis, and remand the case for further proceedings on the reasonableness of Bramley's explanation for the delay.
2. In light of our conclusion in Division 1, we need not address Bramley's remaining enumeration of error.
Judgment reversed, and case remanded.
Senior Appellate Judge Dorothy T. Beasley, concurs. Andrews, J., dissents.*
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).

Lankford v. State Farm Mut. Auto. Ins. Co. , 307 Ga. App. 12, 14, 703 S.E.2d 436 (2010), on which Nationwide relies, is distinguishable in that the driver in that case waited more than a year after he had surgery for his injuries to provide notice to the insurer.