Andrews, Judge, dissenting.
I dissent, because I believe the trial court properly granted summary judgment for Nationwide on the ground the appellant did not give the insurer timely notice of the accident.
The Nationwide policy in this case required immediate notice of the loss. The traffic accident occurred on August 17, 2015, but the appellant did not notify Nationwide of the incident until eight months later on April 20, 2016. In her affidavit, the appellant explained that she did not notify Nationwide sooner because she had not seen the insurance policy; she did not fully realize the extent of her injuries until she visited her doctor in January, February, and March 2016 and discovered her pain level had increased; and that she had not considered pursuing an uninsured motorist claim until *775 discussions with her attorney after she discovered her pain level had increased.
The majority opinion determines that the notice requirement in this case was a condition precedent to coverage under the policy, and I agree with that. But relying upon Progressive Mountain Ins. Co. v. Bishop, 338 Ga. App. 115, 119-20, 790 S.E.2d 91 (2016), which involved a policy provision that required notice of accident be given "promptly," the majority allows the appellant's ignorance of the extent of her injuries to create a jury question whether the delayed notice was justified.
In Progressive Mountain Ins. Co. , we equated the policy provision requiring notice of accident be given "promptly" with one requiring notice "as soon as practicable." And "[i]n general, the question of whether an insured gave notice of an event or occurrence 'as soon as practicable,' as required by a policy of insurance, is a question for the factfinder." Plantation Pipeline v. Royal Indem. , 245 Ga. App. 23, 25, 537 S.E.2d 165 (2000). In fact, every case cited by the Court in Progressive Mountain Ins. Co. in support of finding a jury question involved a policy provision requiring notice "as soon as practicable."
I believe the trial court properly concluded as a matter of law that the appellant did not satisfy the condition precedent of providing the insurer timely notice of the accident. Even applying the analysis employed in "as soon as practicable" cases, the appellant's eight month delay in providing notice was unreasonable. There was no suggestion of a hidden injury not discovered until later, unlike Progressive Mountain Ins. Co. , supra at 119-20, 790 S.E.2d 91. The appellant claims she just didn't realize the severity of her injuries until she went to her doctor approximately five months after the accident. Unawareness of the need to utilize uninsured motorist "coverage until some point after the accident provides no excuse." Lankford v. State Farm Mut. Auto. Ins. Co. , 307 Ga. App. 12, 16, 703 S.E.2d 436 (2010).
Further, that explanation may not even be the real reason the appellant did not give notice until eight months after the accident. Rather, it appears from her affidavit that she never saw the insurance policy and did not even consider the availability of uninsured motorist coverage until some discussion with her attorney following her doctor visits several months after the accident. Ignorance of the existence or terms of insurance coverage is likewise no excuse. Protective Ins. Co. v. Johnson , 256 Ga. 713, 714 (1), 352 S.E.2d 760 (1987).
In my view, the appellant's stated reasons for her failure to notify Nationwide of the accident until eight months afterwards simply were unreasonable as a matter of law. For that reason, I believe the trial court properly granted summary judgment for Nationwide.