**FIFTH DIVISION
REESE, P. J.,
MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 2, 2020**

# In the Court of Appeals of Georgia

A20A0734.  GEICO  GENERAL  INSURANCE  COMPANY  v.
     BREFFLE.

REESE, Presiding Judge.

Geico General Insurance Company ("Geico") appeals from an order of the State Court of Gwinnett County denying Geico's motion for summary judgment in this coverage dispute with Geico's insured, Harold Breffle. Geico argues that Breffle did not provide it with notice "as soon as possible" after an underinsured motorist struck the vehicle Breffle was driving. For the reasons set forth infra, we reverse.

Viewed in the light most favorable to Breffle, as the nonmovant below,[1] the record shows the following facts. Breffle was injured in a motor vehicle collision on April 28, 2016. At the time of the collision, Breffle was a named insured of a Geico

---

[1] See *American Safety Indem. Co. v. Sto Corp.*, 342 Ga. App. 263, 264 (1) (802 SE2d 263) (2017).

motor vehicle policy that provided for $250,000 in uninsured/underinsured motorist

("UM") coverage. The policy provided:

> The following conditions apply only to the [UM] Coverage:
> 1. NOTICE
> As soon as possible after an accident notice must be given us or our
> authorized agent stating:
> (a) The identity of the insured,
> (b) The time, place and details of the accident; and
> (c) The names and addresses of the injured, and of any witnesses.
>
> . . .
>
> 3. ACTION AGAINST US
> Suit will not lie against us unless the insured or his legal representative
> has fully complied with all the policy terms.

Breffle visited his primary care physician for lower back pain on the day of the

collision. A few days later, his neck began to hurt, and he received two cervical

epidural steroid injections in July 2016. In September, Breffle saw an orthopaedic

surgeon, who performed electric shock therapy and provided other non-surgical

treatment before recommending cervical surgery, which Breffle received in December

2016.

Breffle was also experiencing numbness in his left hand, which continued after

the surgery. He received physical therapy in February and March 2017. When that did

2

not resolve Breffle's problems, the surgeon ordered another MRI of Breffle's neck, which was done on March 21, 2017. After reviewing the MRI, the surgeon recommended a second surgery on Breffle's neck. According to Breffle, this was when he "first realized that the value of [his] injuries may be more than the $250,000 liability limits of the [other driver's insurance] policy."

After the second surgery was performed in April 2017, Breffle developed a severe infection requiring daily antibiotic infusions. Once that was resolved, he had two additional surgeries to address the numbness in his left hand on July 20, 2017.

In June 2017,[2] Breffle's counsel provided notice of the collision to Geico. Breffle filed a personal injury complaint against the other driver in February 2018, and served Geico as an unnamed defendant. Geico moved for summary judgment based on Breffle's failure to provide notice of the collision for more than 13 months.[3]

The trial court denied Geico's motion, relying on this Court's decision in *Progressive Mountain Ins. Co. v. Bishop*.[4] Specifically, the trial court found that an

---

[2] Although the parties dispute whether notice was provided on June 12, 2017, or June 27, 2017, this discrepancy does not affect our analysis or conclusion.

[3] See n. 2, supra.

[4] 338 Ga. App. 115 (790 SE2d 91) (2016).

3

issue of material fact existed as to the timeliness of Breffle's notice: "ignorance as to the extent of injuries may excuse a delay[,] . . . because . . . unlike determining the existence of coverage, the extent of injuries can take time to be revealed."[5] We granted Geico's application for interlocutory review, and this appeal followed.

"We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."[6] With these guiding principles in mind, we turn now to Geico's claims of error.

1. Geico contends that the terms of the notice provision are unambiguous and therefore must be enforced as written. Breffle responds that he could have reasonably understood that he had no affirmative duty to give notice to Geico because the provision did not require the "insured" to provide notice and because "as soon as possible" is vague and undefined.

> The ordinary principle of contract law, that a party seeking to recover under a contract must perform any applicable condition

---

[5] See id. at 120 (2).

[6] *Sto Corp.*, 342 Ga. App. at 264 (1) (citing OCGA § 9-11-56 (c); additional citation and punctuation omitted).

4

precedent before the contract becomes absolute and obligatory upon the other applies to contracts of insurance. Therefore, a forfeiture of insurance coverage may result when an insured fails to satisfy a condition precedent to coverage under the contract. [A] notice provision in an insurance contract that is expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification.[7]

Construing the UM "Conditions" provision as a whole,[8] the only reasonable construction is that either "the insured or his legal representative" must "fully compl[y] with all the policy terms," and thus see to it that the requisite notice is given to Geico.

"As soon as possible after an accident" is also unambiguous. While the language "as soon as possible" "affords some leeway in providing notice of a claim or suit or occurrence to an insurer, a lengthy, unjustifiable delay may be found as a matter of law to have been so unreasonable as to foreclose coverage."[9] Further, the

---

[7] *Plantation Pipe Line Co. v. Stonewall Ins. Co.*, 335 Ga. App. 302, 310 (2) (780 SE2d 501) (2015) (citations and punctuation omitted).

[8] See *King-Morrow v. American Family Ins. Co.*, 334 Ga. App. 802, 803 (780 SE2d 451) (2015)

[9] *Lankford v. State Farm Mut. Automobile Ins. Co.*, 307 Ga. App. 12, 16 (703 SE2d 436) (2010) (holding that an insured's failure to provide notice until almost two years after the collision was not, as a matter of law "as soon as reasonably possible")

5

policy requires notice as soon as possible "after an accident[.]"[10] "To hold otherwise would allow an insured to delay notifying the insurer for months or even years, so long as the insured thought that other insurance existed to cover the loss. Such an interpretation is contrary to the obvious intent of the policy, which is to require notice [as soon as possible] after the occurrence of a covered event."[11]

Having concluded that the language of the policy is unambiguous and capable of but one reasonable construction, we must enforce it as written.[12]

2. Geico argues that the more than 13-month delay in this case was unreasonable as a matter of law. We agree.

---

(citation and punctuation omitted); see also *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 220-221 (2) (231 SE2d 245) (1976) ("Under all of the facts and circumstances of a particular case it may be found that an insured's delay in giving notice of an accident to his insurer was unjustified and unreasonable. In such event, on a motion for summary judgment, the court may rule on the question as a matter of law.").

[10] See *Royer v. Murphy*, 277 Ga. App. 150, 151 (625 SE2d 544) (2006).

[11] *Lankford*, 307 Ga. App. at 14-15 (citations and punctuation omitted).

[12] *Crafter v. State Farm Ins. Co.*, 251 Ga. App. 642, 644 (554 SE2d 571) (2001).

6

As in *Bishop*,[13] "the fact-based question presented here calls upon us to consider our prior decisions as data points on a scatter plot[.]"[14] Under the circumstances of this case, Breffle's more than 13-month delay was unexcused and unreasonable as a matter of law.[15] As detailed above, Breffle initially sought treatment for his injuries on the same day as the collision (in April 2016), he initially saw an orthopaedic surgeon in September, and he underwent surgery in December. However, despite receiving other treatments during this time, he did not provide notice to Geico until June 2017. Breffle's contention that he did not think he would need to use his uninsured coverage provides no excuse.[16]

---

[13] 338 Ga. App. at 120 (2) (affirming the denial of summary judgment where the delay was less than 11 months, the insured provided notice more than a year before undergoing surgery for his injuries, and the evidence suggested that he may have had some hidden injury as a result of the car accident, the result of which was not immediately apparent).

[14] Id. at 119, n. 3 (2).

[15] See *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 713-714 (1) (352 SE2d 760) (1987) (unexcused 17-month delay in providing notice to employer's insurer unreasonable as a matter of law and not "as soon as practicable," notwithstanding employee's contention that he thought his employer would file a claim and he did not know the name of his employer's insurer).

[16] See *Lankford*, 307 Ga. App. at 16 ("[E]ven if the [insured's] conversation with [his insurance agent] could satisfy the notice requirement, it did not take place until approximately one year after the accident, and [the insured] offers no

Based on the foregoing, we reverse the trial court's order denying Geico's motion for summary judgment.

*Judgment reversed. Markle and Colvin, JJ., concur.*

---

justification for this delay. Any claim that he was unaware that he might need to utilize his UM coverage until some point after the accident occurred provides no excuse.").