**SECOND DIVISION
MILLER, P. J.,
MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 2, 2020**

# In the Court of Appeals of Georgia

A20A1221. HYDE v. STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY.

COOMER, Judge.

Elizabeth M. Hyde appeals from the trial court's order granting summary judgment to State Farm Mutual Automobile Insurance Company. In several related enumerations, Hyde contends that the trial court erred in finding that she did not give State Farm sufficient, required notice of her uninsured motorist claim in a timely fashion. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c).

> On appeal from the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and view the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. A defendant may prevail on summary judgment by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Eells v. State Farm Mut. Automobile Ins. Co.*, 324 Ga. App. 901, 901-902 (752 SE2d 70) (2013) (citation and punctuation omitted).

The record shows Hyde alleges that on August 18, 2016, she was injured when she was rear-ended by Courtney Sawyer while stopped at an intersection. Hyde was driving her employer's vehicle. After the collision, Hyde returned to her workplace, picked up her own car, and went straight to a doctor's office. The doctor, who examined her and x-rayed her neck that day, told her that she had whiplash. Hyde had surgery on her neck in March 2018.

At the time of the accident, Hyde was an insured under an insurance policy issued by State Farm. Hyde's policy with State Farm included uninsured motorist coverage. The policy requires that a person making a claim under uninsured motor vehicle coverage must: "notify [State Farm] of the claim and give [State Farm] all the details about the death, injury, treatment, and other information that [State Farm] may need as soon as reasonably possible after the injured insured is first examined or treated for the injury." The policy also provides that: "Legal action may not be brought against [State Farm] until there has been full compliance with all the provisions of this policy."

On December 7, 2016, Hyde's attorney sent a letter to Hyde's employer, Massey Restoration Group, regarding Hyde's accident. The letter stated, in part:

> Please accept this letter as notice of a potential uninsured motorist's claim that may arise from this collision. If there is additional information required under the policy for providing notice of an uninsured motorist's claim, please forward that information to me and advise of any deficiency in the notice provided herein otherwise we will assume that this letter is sufficient to meet any contractual obligation. Please also forward to me a copy of your declaration page showing uninsured motorist coverage.

The December 7, 2016 letter did not provide any details of Hyde's injuries, treatment, or medical expenses. Massey Restoration Group provided a copy of the letter to its State Farm agent.

On June 13, 2018, Hyde filed suit against Sawyer seeking damages for injuries allegedly sustained in the collision. Hyde served State Farm, as an uninsured motorist carrier, with the complaint and summons. State Farm answered the complaint and moved for summary judgment claiming, among other things, that Hyde failed to comply with the notice provisions of her insurance policy. After hearing oral argument from both parties, the trial court granted summary judgment to State Farm. The trial court determined that, as a matter of law, Hyde did not give notice to State Farm of her claim and did not provide all of the details about the injury, treatment, and other information as soon as reasonably possible after she was first examined or treated for the injury as required by her policy. This appeal followed.

1. Hyde contends that the trial court erred in granting summary judgment to State Farm because notice was provided "as soon as reasonably possible" pursuant to the terms of her insurance policy. We disagree.

Hyde argues that State Farm received notice of her potential claim when Massey Restoration Group's State Farm agent received the December 7, 2016 letter

notifying Massey Restoration Group of Hyde's potential uninsured motorist claim. We rejected a similar argument in *Lankford v. State Farm Mut. Automobile Ins. Co.*, 307 Ga. App. 12, 15-16 (703 SE2d 436) (2010). In that case, Lankford first provided written notice to State Farm that he had been involved in an accident and first raised the issue of uninsured motorist coverage under his own insurance policies almost two years after the accident. Id. at 13. On appeal, he argued that State Farm had actual notice of the accident because the defendant also had insurance through State Farm and someone, presumably the defendant or someone on his behalf, notified State Farm of the accident shortly after it occurred. Id. at 15. We held that notification by an unrelated third party "did not relieve Lankford of his separate, contractual obligation to provide notice to State Farm under his own policies." Id. at 15-16. The same reasoning applies here. The December 7, 2016 letter from Hyde's attorney notified Massey Restoration Group of a potential claim under Massey Restoration Group's insurance policy, not a potential claim under Hyde's own insurance policy.

> It was only a matter of coincidence that [Massey Restoration Group] and [Hyde] shared the same insurer. . . . We know of no authority requiring an insurer to cross-reference the names of all parties involved in an accident to determine whether they, too, have insurance through the insurer; instead the insurer is entitled to rely upon its contractual notice provisions.

5

Id. at 16. Thus, State Farm did not receive notice of Hyde's potential claim under her insurance policy when Massey Restoration Group's State Farm agent received the copy of the December 7, 2016 letter. Furthermore, the December 7, 2016 letter did not provide "all the details about the . . . injury, treatment, and other information" required by the notice provision in Hyde's insurance policy. Consequently, the December 7, 2016 letter to Massey Restoration Group did not provide the notice to State Farm required by Hyde's insurance policy.

2. Hyde also contends that the trial court erred in granting State Farm's motion for summary judgment because the terms of State Farm's policy are ambiguous. Again, we disagree.

Hyde argues that State Farm's policy is ambiguous as to the definition of a "claim" and the specificity of when a claim arises. Hyde contends that because Sawyer had liability coverage, there is ambiguity and a genuine issue of fact regarding when Hyde's claim for uninsured motorist coverage arose. Hyde argues that her claim did not arise until it became obvious that she had a claim for uninsured motorist coverage, which she contends was in March 2018 when the seriousness of her injuries began to manifest themselves.

6

Hyde relies on *Gregory v. Allstate Ins. Co.*, 134 Ga. App. 461, 464 (214 SE2d 696) (1975), in which we stated:

> The uninsured motorist endorsement becomes operative, not when there has been an accident, but when it is ascertained that the operator was uninsured. Where the uninsured motorist endorsement provides for notice "as soon as practicable," this should be interpreted as if it read "as soon as practicable after discovery of the uninsured status", and means within a reasonable time under all of the circumstances if the insured was reasonably diligent in his efforts to determine the insurance status of his adversary.

*Gregory* is inapplicable here. In that case, this Court stated that language in an insurance policy establishing a condition precedent to suit against the insurer did not create a condition precedent where the uninsured motorist was sued and the insurer merely intervened. Id. at 463. State Farm participated in this case in its own name, contesting its own contractual liability, which it may not do without assuming the status of a named party. *Maxwell v. State Farm Mut. Automobile Ins. Co.*, 196 Ga. App. 545, 545-546 (1) (396 SE2d 291) (1990). Accord *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165, 170 (268 SE 2d 676) (1980).

Hyde's policy required that she provide notice of her claim "as soon as reasonably possible after the injured insured is first examined or treated for the

7

injury." Moreover, the policy provides that "[l]egal action may not be brought against [State Farm] until there has been full compliance with all the provisions of this policy." "A general provision that no action will lie against the insurer unless the insured has fully complied with the terms of the policy will suffice to create a condition precedent." *Progressive Mountain Ins. Co. v. Bishop*, 338 Ga. App. 115, 118 (1) (790 SE2d 91) (2016).

> It is well established that a notice provision expressly made a condition precedent to coverage is valid and must be complied with, absent a showing of justification. Where an insured has not demonstrated justification for failure to give notice according to the terms of the policy, then the insurer is not obligated to provide either a defense or coverage.

*Lankford*, 307 Ga. App. at 14 (citation and punctuation omitted). The policy in this case, which required notice as a condition precedent to recovery of insurance benefits, required Hyde to provide notice "as soon as reasonably possible" after she was first examined or treated for her injury, not "as soon as reasonably possible" after it became obvious she had a claim for uninsured motorist coverage. Hyde has demonstrated no error by the trial court on this basis.

3. Finally, Hyde argues that the trial court erred in granting summary judgment because she demonstrated a justification for any delay in notice to State Farm, which presents a question of fact for a jury to determine. We do not agree.

"The purpose of a notice provision in a policy of insurance is to allow the insurer to investigate promptly the facts surrounding the occurrence and to prepare a defense or determine whether a settlement is feasible, while the facts are still fresh and the witnesses are still available." *Plantation Pipeline Co. v. Royal Indem. Co.*, 245 Ga. App. 23, 27 (1) (537 SE2d 165) (2000) (citation and punctuation omitted). "[T]he issue of whether notice is timely and meets the policy provisions is usually a question of fact for the jury. Unexcused significant delay, however, may be unreasonable as a matter of law." *Advocate Networks, LLC v. Hartford Fire Ins. Co.*, 296 Ga. App. 338, 340 (1) (674 SE2d 617) (2009) (citations and punctuation omitted).

Hyde contends that because of the progression of her medical treatment and because of the worsening of her condition over time, she did not ascertain a need for an uninsured motorist claim until approximately March 2018, when she had neck surgery. Hyde's contention is contradicted by the record, which shows that Hyde was contemplating an uninsured motorist claim on December 7, 2016, when her attorney

wrote the letter notifying Massey Restoration Group of Hyde's potential uninsured motorist claim. Hyde offers no explanation for the three month delay after her surgery other than to argue that notice was provided to State Farm "as soon as reasonably possible" when this lawsuit was filed in June 2018.

Hyde argues that the notice provision for an uninsured motorist claim in her policy should be controlled by *Bramley v. Nationwide Affinity Ins. Co. of America*, 345 Ga. App. 624 (814 SE2d 770) (2018) (physical precedent only). In that case, Bramley, who did not notify the insurer until eight months after the accident, explained in an affidavit that she did not notify the insurer sooner because she had not seen the insurance policy and she had not considered pursuing an uninsured motorist claim until after she discovered her pain level had increased. Id. at 629. The majority held that Bramley's explanation that her failure to give immediate notice was a result of her inability to understand the extent of her injuries created a jury question as to whether her delay was reasonable. Id. at 628-629 (3). *Bramley* is not binding authority,[1] and, in any event, the facts of that case are distinguishable because Hyde considered pursuing an uninsured motorist claim more than a year before she gave notice to State Farm.

---

[1] See Court of Appeals Rule 33.2 (a).

Hyde also relies on *Bishop*, 338 Ga. App. at 118-119 (2), where we held that a jury might find Bishop's 11-month delay in notifying his insurer sufficiently justified where Bishop "presented evidence that he did not give notice sooner because he did not realize the extent of his injuries and thought the other driver's insurance would be sufficient to cover them." However, *Bishop* is also distinguishable. Bishop provided notice more than a year before undergoing surgery for his injuries. Id. at 120. Here, Hyde did not provide notice to State Farm until approximately three months after her surgery. Furthermore, as discussed above, the record shows that Hyde gave notice to her employer of a potential uninsured motorist claim more than a year before she gave notice to State Farm of a claim under her own policy. Under the circumstances of this case, Hyde's 22-month delay in notifying State Farm was unexcused and unreasonable as a matter of law. Thus, the trial court did not err in granting summary judgment to State Farm.

*Judgment affirmed. Miller, P. J., and Mercier, J., concur*.